HARVEY, APPELLEE, *v.* CIVIL SERVICE COMMISSION OF CINCINNATI ET AL., APPELLANTS.

(No. C-840613 — Decided June 26, 1985.)

*Swain & Hardin* and *Richard B. Uhle,* for appellee.

*Richard A. Castellini,* city solicitor, and *Timothy A. Ruttle,* for appellants.

*Per Curiam.* Defendants allege in their sole assignment that the trial court erred in granting summary judgment in plaintiff's favor[1] and in reversing the decision of the civil service commission that had disqualified plaintiff from continuing in the city's fire recruit process. The assignment of error has merit.

Plaintiff, Jeffrey S. Harvey, had applied to become a member of the 1984 fire recruit class. The recruiting process consists of five stages of review: written examination, medical examination, physical ability test, background polygraph check, and oral interview. Plaintiff successfully completed the first two stages, failed the physical ability test and was disqualified.

On the morning of January 30, 1984, when plaintiff was scheduled to take the physical ability test, he suffered from what he believed to be the flu and an inner ear infection. Plaintiff had been provided with a notice that specified that in the event of extreme emergencies the applicants could call Carole Callahan, a personnel analyst with the city of Cincinnati, in order to reschedule their test dates. Plaintiff called the personnel office and was informed that Callahan was out (she was at the test site) and would not return to the office until the following week. Plaintiff did not mention that he felt ill or that he wanted to reschedule his test, nor did he leave any message. (During Callahan's absence, another person, Laverne Morlock, was responsible for rescheduling.)

Plaintiff then went to the test site, where Callahan was checking in candidates and administering the exam. He again failed to mention the fact of his illness and participated in the test. Towards the end of the exam he became dizzy and nauseated and was unable to complete that portion of the test that required him to drag a fire hose up several flights of stairs. He still made no mention of his illness.

The following day, January 31, 1984, plaintiff went to a doctor, was diagnosed as having had tracheobronchitis for at least the past three days and was appropriately treated. That same day he wrote to the civil service commission requesting that he be allowed to reschedule another testing date. The commission denied his request. Plaintiff's subsequent request for reconsideration was also denied.

Plaintiff appealed the decision of the civil service commission to the court of common pleas pursuant to R.C. Chapter 2506. The commission's motion to dismiss the appeal pursuant to Civ. R. 12(B)(6) was overruled. Plaintiff and defendants then filed cross-motions for summary judgment. On August 3, 1984, the court journalized its entry captioned "Entry Ordering Retesting of Appellant." Judgment has been stayed pending the outcome of this appeal.

The first issue that this court must resolve concerns whether or not the trial court's August 3 entry constitutes a final appealable order. R.C. 2505.03 provides that only final orders, judgments or decrees may be appealed. The question of whether an order is "final" is determined by considering the effect that the order has upon the pending action. See *Schindler* v. *Standard Oil Co.* (1956), 165 Ohio St. 76 [59 O.O. 82]; *Systems Construction, Inc.* v. *Wor-*

---

[1] The entry from which defendants appeal, dated August 3, 1984, is captioned "Entry Ordering Retesting of Appellant." The text of the entry refers to the fact that the cause came before the court on cross-motions for summary judgment, but the entry does not specifically grant plaintiff's motion or deny that of defendants. We find that the indisputable legal effect of the entry, however, is to sustain plaintiff's motion for summary judgment, so that the defendants' assignment of error may be considered an accurate statement of the claimed error.

*thington Forest* (1975), 46 Ohio App. 2d 95, 97 [75 O.O. 2d 79].

R.C. 2505.02 defines a final order as one "affecting a substantial right in an action which in effect determines the action and prevents a judgment." See *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 257 [21 O.O. 3d 158]. In the instant case, the entry ordering that plaintiff be retested for the physical ability portion of the recruit application process afforded a complete satisfaction of his cause of action[2] and prevented the trial court from entering any form of judgment in defendants' favor. The August 3 entry was therefore a final appealable order from which defendants could perfect their appeal.

The second issue goes to the merits of defendants' appeal; this involves an analysis of the appropriate standard of review applicable to a common pleas court's review of an administrative agency's decision. Defendants specifically contend that the trial court improperly substituted its own judgment for that of the civil service commission contrary to the dictates of R.C. Chapter 2506.

The Supreme Court has stated that a hearing before a court of common pleas pursuant to R.C. 2506.01 resembles a *de novo* proceeding in that R.C. 2506.03 specifically provides that such an appeal "shall proceed as in the trial of a civil action" and allows for the introduction of new or additional evidence.[3] *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202, 206-207 [12 O.O. 3d 198]; *Cincinnati Bell* v. *Glendale* (1975), 42 Ohio St. 2d

368, 370 [71 O.O. 2d 331]. Further, R.C. 2506.04 requires that the court examine the "substantial, reliable and probative evidence on the whole record." The court of common pleas is therefore presented with a hybrid form of review, *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 111 [17 O.O. 3d 65]; *Budd Co.* v. *Mercer* (1984), 14 Ohio App. 3d 269, 273, in that it resolves both questions of law and questions of fact. The court applies the law to the evidence that was presented to the administrative agency, but acts as a finder of fact in regard to the new evidence; then, reviewing the entire record, the court determines whether the agency's decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence." R.C. 2506.04.

In undertaking this hybrid form of review, however, the court of common pleas must give "due deference" to the administrative agency's resolution of evidentiary conflicts, *Univ. of Cincinnati* v. *Conrad, supra,* at 111; *Resek* v. *Seven Hills* (1983), 9 Ohio App. 3d 224, 226, and may not blatantly substitute its judgment for that of the agency. *Dudukovich* v. *Housing Authority, supra,* at 207.

Having carefully reviewed the entire record, we find that as a matter of law, there was a preponderance of reliable, probative and substantial evidence to support the civil service commission's decision to disqualify plaintiff from continuing in the fire recruit process. See *id.* at 208. Plaintiff was sick at least two

---

[2] If plaintiff had retaken the physical ability exam, he might well have had additional causes of action, concerning loss of seniority and back pay (provided he successfully passed not only the physical ability portion of the recruit application process, but also the background polygraph check and oral interviews). These potential causes would not accrue, however, until plaintiff had successfully completed the entire application process.

[3] Counsel indicated at oral argument before this court that certain stipulated facts had been admitted into evidence before the court of common pleas. The record does not contain any such stipulations; however, it does contain several affidavits, in support of the parties' respective motions for summary judgment, as well as defendants' responses to plaintiff's interrogatories, evidence which was not before the civil service commission.

days before he was scheduled to take the physical ability test yet he did not inform the personnel office of his predicament in order to have his test date rescheduled. He also did not inform the test administrators of his illness when he checked in at the test site. He appeared ready to participate and did participate in the exam. Finally, when he was unable to complete the exam he still did not mention that he was ill.

The civil service commission allowed fourteen applicants to retake the exam due to a combination of equipment failure and inclement weather[4] and nine applicants were allowed to reschedule their initial test dates on the basis of advance notice of illness and doctors' notes. Plaintiff appeared at the test site prepared to participate in the test. He did so and failed. The decision of the civil service commission was sound. The court of common pleas improperly substituted its judgment for that of the commission.

We reverse the judgment of the court of common pleas, thus affirming the decision of the civil service commission.

*Judgment reversed.*

BLACK, P.J., KEEFE and KLUSMEIER, JJ., concur.

---

[4] Plaintiff asserts in his brief that he too was confronted with an equipment failure, but no such evidence was presented in the record.