ROODHOUSE, Appellee,

v.

BEDFORD HEIGHTS CIVIL SERVICE COMMISSION, Appellant.

[Cite as *Roodhouse v. Bedford Hts. Civil Serv. Comm.* (1989), 62 Ohio App.3d 793.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54788.

Decided May 10, 1989.

*Joseph W. Diemert, Jr.,* and *William F. Schmitz,* for appellee.

*Charles E. Merchant* and *K.J. Montgomery,* for appellant.

DYKE, Judge.

At about 1:00 p.m. on Sunday, January 25, 1987, appellee James Roodhouse left on a gambling junket to Caesar's Casino in Atlantic City, New Jersey. The appellee, a Bedford Heights city fireman, was scheduled to begin work for the city at 6:00 p.m. on Monday, January 26, 1987. The appellee did not show up for work on that date, and in fact missed three consecutive days of work.

On February 26, 1987, the city of Bedford Heights charged Roodhouse with various violations of civil service and departmental rules. On March 4, 1987, a hearing was held on this matter before the Mayor of the city of Bedford Heights. On March 6, 1987, the mayor found that Roodhouse was absent from duty without leave, had committed conduct unbecoming an officer, had violated departmental rules, and had failed to exhibit good behavior to the detriment of the service. Based on these findings, the appellant city discharged the appellee from its service.

Appellee Roodhouse appealed his firing to the city's civil service commission. On March 19 and 20, 1987, the commission held a hearing on this matter. The commission found that the city's actions were warranted, but it considered the firing of Roodhouse to be too severe a disciplinary action. Therefore, the commission modified Roodhouse's punishment from a discharge to a suspension of ninety days.

Roodhouse next appealed the commission's decision to the court of common pleas pursuant to R.C. Chapter 2506. On October 22, 1987, the court entered an order which reversed the civil service commission's decision. Specifically, the court held that the decision of the commission was unsupported by a preponderance of substantial, reliable and probative evidence.

The appellant city now brings this appeal and assigns two errors to the court. Because both of these alleged errors deal with the same issue, they will be discussed together. Appellant's assignments of error are:

"The judgment of the trial court is against the weight of the evidence and the trial court erred in finding that the decision of the civil service commission that appellee violated Civil Service Rule XI, Section 1, Paragraphs 2, 5, 16 and 18 was not supported by a preponderance of reliable, probative and substantial evidence.

"The judgment of the trial court is contrary to law and the trial court erred in substituting its judgment for that of the civil service commission."

R.C. 2506.04 sets forth the standards of review to be applied by courts in appeals from political subdivisions. This Revised Code section provides:

"The court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence or the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code."

In *Dudukovich v. Lorain Metro. Housing Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, the Supreme Court discussed both our and the trial court's standards of review in R.C. Chapter 2506 appeals:

"Thus, it is quite evident that the Court of Common Pleas must weigh the evidence in the record, and whatever additional evidence may be admitted pursuant to R.C. 2506.03, to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision. We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. The key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand.

"In determining whether the standard of review prescribed by R.C. 2506.04 was correctly applied by the Court of Common Pleas, both this court and the Court of Appeals have a limited function. R.C. 2506.04 provides in part: 'The judgment of the court [of common pleas] may be appealed by any party on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code.'

"Referring to R.C. 2505.31, we find that '[i]n a civil case or proceeding * * *, the supreme court need not determine as to the weight of the evidence.' Thus, our inquiry is limited to a determination of whether, as a matter of law, we can say that there did exist a preponderance of reliable, probative and substantial evidence to support appellant's decision to dismiss appellee." *Id.* at 207–208, 12 O.O.3d at 202, 389 N.E.2d at 1117.

Appellee Roodhouse was disciplined by the city for his alleged violation of several Bedford Heights Civil Service and Fire Department Rules. Specifically, the appellee was charged with violating Bedford Heights Civil Service Rule XI, Sections (2), (5), (16) and (18). These civil service rule sections provide in pertinent part:

"Section 1. Tenure. The tenure of every officer or employee in the classified service shall be during good behavior and efficient service * * *.
" * * * *

"But any officer or employee in the classified service may be discharged, suspended or demoted for any one or more of the following causes;
" * * * *

"2. Absence without leave.
" * * * *

"5. Conduct unbecoming an officer or employee in the public service.
" * * * *

"16. Violation of departmental rules or regulations by the office or employee.
" * * * *

"18. And for other failure of good behavior which is detrimental to the service, or for any other act of misfeasance, malfeasance or nonfeasance in office."

In addition, Bedford Heights Fire Department Rules and Regulations, Section VII, Rule 14, and Section X, Rule 7, were bases for the city's disciplinary action in this case. Section VII provides in part:

"General Rules of Conduct.
" * * * *

"14. He shall not be guilty of falsifying, deception or evasion of any rule, regulation or order of the Department."

The relevant portion of Fire Department Rules and Regulations, Section X provides:

"Hours of Duty.
" * * * *

"7. Any member who fails to respond to roll call must furnish well sustained reason for such failure or be subject to reprimand or other penalties imposed by the Chief of the Department."

In its decision, the Bedford Heights Civil Service Commission determined as one of its findings that appellee Roodhouse had abused the city's sick leave program. The trial court concluded in its journal entry that this finding of the civil service commission was not supported by the preponderance of the reliable, substantial and probative evidence. Based on this determination, the trial court reversed the decision of the civil service commission. The problem with the court's opinion is that it ignores the fact that the appellant was also

charged by the city with being absent from work without leave and for missing roll call.

The evidence adduced at the civil service hearing showed that the appellee Roodhouse went on a one-day gambling junket to Atlantic City on January 25, 1987, that the return flight was not scheduled to leave New Jersey until 7:30 p.m. on January 26, 1987, but that Roodhouse was scheduled to report to work at 6:00 p.m. on January 26, 1987. Roodhouse testified that even though as part of the one-day gambling junket he was to pay nothing for his flight back to Cleveland, he had planned to personally pay for and take an earlier flight to Cleveland on January 26, 1987, so that he would not miss work on that day. It was undisputed that the eastern coast of the United States was snowed in on January 26, 27, and 28, 1987, and that Roodhouse missed work on those days. The evidence further showed that though the Bedford Heights Fire Department had procedures pursuant to which Roodhouse could have arranged to use his vacation days for his trip, he did not attempt to do so prior to the trip.

The testimony and documents adduced at the hearing overwhelmingly showed that Roodhouse was absent from his job without leave. Roodhouse's testimony that he intended to personally pay for a flight back to Cleveland was incredible in light of the facts that the gambling junket was only to last one day and that it included free flights to Atlantic City and back. Therefore, the civil service commission was justified in rejecting this testimony. Further, it has never been disputed that Roodhouse did not have leave to miss work and that he did in fact miss three days of work. Consequently, it is our opinion that as a matter of law the preponderance of the reliable, probative and substantive evidence showed that appellee Roodhouse was absent from his job without leave in violation of Bedford Heights Civil Service Rule XI, Section (2), and that he failed to respond to roll call in violation of Bedford Heights Fire Department Rules and Regulations, Section X, Rule 7. Further, the violations of these rules also resulted in violations of Bedford Heights Civil Service Rule XI, Sections (5), (16) and (18). Accordingly, it was unreasonable for the trial court to reverse the decision of the Bedford Heights Civil Service Commission, and the court abused its discretion in doing so. Appellant's assignments of error are well-taken.

*Judgment reversed.*

NAHRA, J., concurs.

MATIA, P.J., dissents.

MATIA, Presiding Judge, dissenting.

For the following reasons, I would affirm the decision of the lower court. Accordingly, I respectfully dissent.

Appellant commission's first assignment of error contends:

"The judgment of the trial court is against the weight of the evidence and the trial court erred in finding that the decision of the civil service commission that appellee violated Civil Service Rule XI, Section 1, Paragraphs 2, 5, 16 and 18 was not supported by a preponderance of reliable, probative and substantial evidence."

Appellant argues that its decision in this case was sufficiently supported by the evidence, and therefore should have been upheld by the lower court.

The majority correctly notes that, since appellee's review was requested in pursuit of R.C. 2506.01 *et seq.*, the lower court was limited in its disposition to the choices provided in R.C. 2506.04, which provides, as amended, that:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

Well within this statutorily delineated standard of review, the court of common pleas found the ruling of the appellant commission to be "unsupported by a preponderance of substantial, reliable and probative evidence" and therefore "arbitrary, capricious and unreasonable." The appellant commission now appeals "on questions of law," as provided at the last sentence of R.C. 2506.04. Since an appeal "on questions of law" includes a review of the weight and sufficiency of the evidence, R.C. 2505.01(A)(2), appellant's first assignment of error is not outside the scope of our permissible review.

In appeals from administrative agencies pursuant to R.C. 2506.01 *et seq.*, the common pleas court must affirm the decision of the agency if a *preponderance* of reliable, probative and substantial evidence exists. See *Dudukovich v. Lorain Metro. Housing Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201, 389 N.E.2d 1113, 1116; *Budd Co. v. Mercer* (1984), 14 Ohio App.3d 269, 274, 14 OBR 298, 304, 471 N.E.2d 151, 156. The decision of the trial court may be reviewed by courts of appeals in a limited manner:

"This court's determination is limited to the question of whether, as a matter of law, a preponderance of reliable, probative and substantial evidence exists to support the decision of the [commission]. See *Dudukovich, supra*

[58 Ohio St.2d] at 208 [12 O.O.3d at 202, 389 N.E.2d at 1117]. *Budd Co., supra,* at 274, 14 OBR at 304, 471 N.E.2d at 156.

"The key term is 'preponderance.'" *Dudukovich, supra.* Upon careful review of the entire record in this case, including the complete transcript of the proceedings before the commission, I am convinced that, as a matter of law, a preponderance of evidence supporting the commission's decision does not exist. For example, the commission wrote in its "Findings and Decision" that:

"Although Firefighter Roodhouse presently claims that he intended to return early, no evidence has been presented documenting any such intent such as pre-booking a return flight on a commercial airline."

While it is true that the evidence showed that appellee's charter would probably not have returned in time for his shift on January 26, even in the absence of the blizzard, it is misleading for the commission to suggest that there was no evidence that appellee was making alternative plans. In fact, the transcript reveals an abundance of testimony that the appellee had made arrangements for an earlier flight. Further, the commission wrote as follows:

"The Commission further finds that Firefighter Roodhouse planned to use sick leave for the first day (January 26, 1987) and, in the absence of a snow storm, would have been logged sick just one day; and that due to the snow storm, Firefighter Roodhouse did in fact abuse the sick leave privilege for a second time on the 27th of January, 1987, further evidence and confirming the planned use of sick leave on the 26th of January."

A thorough review of the transcript evinces no testimony or documentary evidence of any kind to support this contention.

Appellee contacted the fire department in a timely manner, and should not be held responsible for the manner in which his absences were logged, since there is no evidence, nor even an assertion, that appellee requested or intended to be logged as "sick." Indeed, the evidence shows that even before he returned from New Jersey appellee expressed the desire to his chief that the absences not be marked in such a way.

As I am unable to say, as a matter of law, that a preponderance of reliable, probative and substantial evidence exists to support the decision of the commission, I would overrule appellant's first assignment of error.

As a second assignment of error, appellant maintains:

"The judgment of the trial court is contrary to law and the trial court erred in substituting its judgment for that of the civil service commission."

Appellant asserts that the trial court has arbitrarily substituted its judgment for that of the commission.

In appeals under R.C. 2506.01 *et seq.*, the trial court is bound to question the judgment of the administrative agency:

"While the inquiry is essentially a legal question as to the presence or absence of the necessary quantum of evidence, it is a hybrid form of review; it inevitably involves a consideration of the evidence, in the sense of weighing of the relative evidentiary value of the testimony and exhibits, and in the sense of considering whether the administrative determination rests upon inferences improperly drawn from the evidence. *Thus, to a limited extent, a substitution of judgment by the reviewing common pleas court is permissible. University of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111 [17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267]." (Emphasis added.) *In re Annexation of 1,544.61 Acres* (1984), 14 Ohio App.3d 231, 233, 14 OBR 259, 262, 470 N.E.2d 486, 490.

It is recognized that:

" * * * the court of common pleas must give 'due deference' to the administrative agency's resolution of evidentiary conflicts, *Univ. of Cincinnati v. Conrad, supra* [63 Ohio St.2d] at 111 [17 O.O.3d at 67, 407 N.E.2d at 1267]; *Resek v. Seven Hills* (1983), 9 Ohio App.3d 224, 226 [9 OBR 395, 398, 459 N.E.2d 566, 568], and may not blatantly substitute its judgment for that of the agency. *Dudukovich v. Housing Authority, supra* [58 Ohio St.2d] at 207 [12 O.O.3d at 201, 389 N.E.2d at 1116]." *Harvey v. Cincinnati Civil Serv. Comm.* (1985), 27 Ohio App.3d 304, 306, 27 OBR 360, 363, 501 N.E.2d 39, 42.

I find, however, that the trial court did not overstep its limitations by improper substitution of judgment, and did not act in a blatant or arbitrary fashion. Rather, the trial court was warranted in finding that there did not exist a preponderance of reliable, probative and substantial evidence to support the commission's determination.

Accordingly, I would overrule appellant's second assignment of error and affirm the judgment of the court of common pleas.