## Steers
## v.
## Cincinnati
[Cite as 4 AOA 34]

Case No. C-890139
Hamilton County (1st)
Decided June 27, 1990

*Roger R. Chacksfield, Esq., Fidelity Federal Building, 2087 Sherman Avenue, Norwood, Ohio 45212, for Plaintiff-Appellee.*

*Richard A. Castellini, City Solicitor, and Julie F. Bissinger, Esq., Room 214, City Hall, 801 Plum Street, Cincinnati, Ohio 45202, for Defendants-Appellants.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the arguments of counsel.

The appellants in the instant appeal present a single assignment of error in which they challenge the trial court's entry of summary judgment in favor of plaintiff-appellee Daniel H. Steers. Upon our determination that the entry granting summary judgment for Steers does not constitute a final appealable order, we do not reach the merits of this challenge.

In February 1988, Steers brought an action against the above-named defendants seeking declaratory, injunctive and other relief which would serve to invalidate a post-examination review or "gripe" procedure employed by the Civil Service Commission for the City of Cincinnati to delete questions from a civil service examination for promotion within the city police division. In his original complaint, Steers ad-

vanced four claims for relief. The complaint was subsequently amended by agreement of the parties to add a fifth claim, in which Steers contended that the gripe procedure was contrary to law. On February 1, 1989, upon cross-motions for summary judgment, the trial court entered summary judgment for Steers on his fifth claim for relief, and this appeal ensued.

An appeal may be taken only from a final order, judgment or decree. R.C. 2505.03. R.C. 2505.02 defines a "final order," in relevant part, as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * *.

"The entry of summary judgment for Steers in the proceedings below determined only the challenge advanced in Steers's fifth claim for relief to the validity of the gripe procedure under state law. Steers's first, second and third claims for relief may be fairly characterized as alternative to and thus determined by the entry of summary judgment for Steers on his fifth claim for relief. In his fourth claim for relief, however, Steers asserted an entitlement to attorney's fees. The entry of summary judgment for Steers is not, in its effect, determinative of Steer's claim for attorney's fees, nor does it prevent a judgment favorable to the defendants on the claim. Therefore, the entry of summary judgment is not a final order. See *Noble v. Colwell* (1989), 44 Ohio St. 3d. 92, 540 N.E.2d 1381; *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St. 3d 86, 541 N.E.2d 64.Civ. R. 54(B) provides that:

"In the absence of [a] determination [that there is no just reason for delay,] any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."Therefore, without appropriate Civ. R. 54(B) certification, even an order that satisfies the finality requirements of R.C 2505.02 is not appealable until all the claims, rights and liabilities of all the parties have been adjudicated. *Noble, supra; Chef Italiano Corp., supra.*

The entry from which this appeal derives contains no express determination pursuant to Civ. R. 54(B) that there is not just reason for delay. The trial court entered summary judgment in favor of Steers upon its determination that the gripe procedure was contrary to state law. How-

ever, with respect to his fifth claim for relief, Steers sought not only a declaration that the gripe procedure was unlawful, but an order that would require restoration of the deleted questions, regrading of the examinations with the questions restored, the compilation of a new promotion-eligible list from the regraded examinations, and invalidation of the former promotion-eligible list. Therefore, even if the trial court had determined Steers's claim for attorney's fees and we were thus able to conclude that the entry satisfied the finality requirements of R.C. 2505.02, the entry is not appealable when all the rights and liabilities of all the parties have yet to be adjudicated. See *Noble, supra* at 96, 540 N.E.2d at 1384 (When the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Civ. R. 54[B] language was employed). Compare *Harvey v. Cincinnati Civil Serv. Comm.* (1985), 27 Ohio App. 3d 304, 501 N.E.2d 39 (Entry granting summary judgment for plaintiff was a final appealable order when the entry afforded complete satisfaction of plaintiff's cause of action and prevented the entry of judgment in any form in defendant's favor).

In the absence of a final appealable order, we are without jurisdiction to entertain this appeal. See R.C. 2505.03. Therefore, we dismiss the appeal.

*Appeal dismissed.*

UTZ, P.J., KLUSMEIER and GORMAN, JJ.