OPINION
Appellant Richard Zengler, Zoning Inspector for the City of Canton, Stark County, Ohio, appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which reversed a decision of the Canton City Board of Zoning Appeals (BZA). BZA rejected the application of appellee Randy Smith D.B.A. Canton Auto Salvage, Inc. to operate an auto dismantling and auto crushing operation on property located at 1433 Lutz Place N.E. Canton, Stark County, Ohio. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED WHEN IT HELD THAT CANTON CITY ORDINANCE SECTION 1127.06, 1127.07, 1127.08 AND 1127.09
REGULATING NONCONFORMING USES ARE INVALID FOR FAILURE TO SET FORTH STANDARDS FOR APPROVAL OR DENIAL OF NONCONFORMING USES.
ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED IN FINDING THAT THE CANTON CITY ORDINANCE SECTION 1127.06, 1127.07, 1127.08 AND 1127.09
REGULATING NONCONFORMING USES DID NOT INCLUDE AND APPLY TO A SUBSTITUTION.
ASSIGNMENT OF ERROR NO. III
 THE TRIAL COURT ERRED IN SUBSTITUTING ITS JUDGMENT FOR THAT OF THE BOARD OF ZONING APPEALS WHEN IT FOUND THAT THE APPELLEE'S USE OF THE PROPERTY AS AN AUTO PARTS DISMANTLING, SALVAGE, STORAGE AND AUTO CRUSHER OPERATION WAS A SUBSTITUTION AND NOT AN ENLARGEMENT AND INCREASE OF A PRIOR NONCONFORMING USE.
ASSIGNMENT OF ERROR NO. IV
 THE TRIAL COURT ERRED IN FINDING THAT THE DECISION OF THE BOARD OF ZONING APPEAL S WAS. ARBITRARY AND UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL RELIABLE AND PROBATIVE EVIDENCE.
Each of appellant's assignments of error address the same basic issue, and we will discuss them together.
Appellee owns property at 1434 7th Street, N.E. where he conducts a legally non-conforming auto salvage business. Appellee has an option to purchase land owned by R.C. Miller, Inc. nearby at 1433 Lutz Place N.E. Smith applied to move part of his business operation to the R.C. Miller property, substituting his non-conforming use for Miller's non-conforming use. The property where appellee proposes to expand his business is located in an R-4 multi-family residential district pursuant to Canton City Ordinance Section 1141.01. R.C. Miller used the property as a truck terminal for storage and maintenance of its diesel trash hauling roll-off box trucks, garbage trucks, small trucks, and trash handling equipment. Appellee proposes to use the property for salvage, storage, dismantling, and crushing of motor vehicles. Appellee maintains the property is ideally suited for the activities because of the layout of the property and existing buildings.
The City Zoning Inspector investigated the application, visited the site, and prepared a staff review. The zoning inspector determined the change requested by the appellee required BZA approval.
The purpose of an R-4 district is to provide for high density (58 units per acre), multiple family dwelling structures, and generally serve as zones of transition between non-residential districts, lower density single and two-family districts, see Canton City Ordinances, Section 1141.01. The principal permitted uses in an R-4 District are multi-family dwellings, two-family dwellings, and single-family dwellings, Id. Thus, appellee's use of the Lutz Place property for salvaging, storing, dismantling, and crushing motor vehicles is not permitted unless the use of the property can be designated a legal non-conforming use.
Canton City Ordinance Section 1127.06 states in pertinent part:
APPROACH TO NONCONFORMING USES.
 Within the districts established by this Zoning Ordinance or amendments that may later be adopted, there exist structures, uses of land and structures and characteristics of use which were lawful before this Ordinance was passed or amended, but which would be prohibited, regulated or restricted under the terms of this Ordinance or future amendments. It is the intent of this Ordinance to permit these non-conformities to continue until they are removed, but not to encourage their survival. It is further the intent of this Ordinance that non-conformities shall not be enlarged upon, expanded or extended, nor be used as grounds for adding other structures or uses prohibited elsewhere in the same district.
The record indicates approximately two or three months prior to appellee's application, R.C. Miller discontinued its truck maintenance and storage at the location. For the last several months, Habitat for Humanity had been using the property, and at the time of the application, the property was not being used for any purpose. The parties agree Miller used the property as a legal non-conforming use.
On May 20, 1997, BZA conducted a hearing on appellee's application. It appears neighborhood opposition to the proposed use of the Lutz Place Property was great, with interested parties testifying regarding their fears of noise, dirt, traffic, adverse impact on property values, and danger to children.
Appellee testified he was going to install a solid steel fence, eight feet high and nice in appearance, that would keep inquisitive children and others off the property and which would conceal his business operations. Appellee testified he intended to move his auto crusher from its present site on 7th Street to Lutz Place property. Appellee testified he intended to place the auto crusher in such a way that it was on the farthest point away from any house in the area.
Following the hearing, four members of the five member board voted, two voting to deny and two to grant the application. The zoning ordinance requires the affirmative vote of at least three members for approval, hence the application was denied.
Appellee appealed the decision of BZA to the common pleas court pursuant to R.C. 2506. In an extensive judgment entry, the trial court found the decision of BZA was unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record, and further found the Canton City Zoning Ordinance is invalid because it has no standards to guide BZA in its determination of whether to authorize changes in non-conforming use, and because the ordinance fails to provide for substitution of non-conforming use as required by R.C. 713.15.
The trial court concluded the BZA decision is arbitrary. The court declined to address the constitutional issues, finding it was unnecessary.
The trial court correctly found the appropriate standard of review for a court of common pleas to apply when reviewing an administrative agency decision pursuant to R.C. 2506 requires the court to apply relevant law to the evidence presented to the agency. Secondly, the court of common pleas may act as a finder of fact in regard to any new evidence submitted to it de novo. Having assembled the entire record, the court of common pleas then determines whether the agency's decision was supported by the preponderance of the substantial, reliable and probative evidence, see Harvey v. Cincinnati Civil Service Commission (1985),27 Ohio App.3d 304. A reviewing court must give due deference to the administrative resolution of evidentiary conflicts in this hybrid form of review, but the findings of the administrative agency are not conclusive, see University of Cincinnati v. Conrad (1980),63 Ohio St.2d 108.
When the case arrives at the court of appeals, we have our own standard of review. In Kisil v. City of Sandusky (1984),12 Ohio St.3d 30, the Ohio Supreme Court directed courts of appeal to affirm the decision of the common pleas court unless we find, as a matter of law, that the common pleas court's decision is not supported by a preponderance of reliable, probative and substantial evidence. In Irvine v. Unemployment Compensation Boardof Review (1985), 19 Ohio St.3d 15, and reaffirmed in Tzangas,Plakas, Mannos v. Administrator, Ohio Bureau of EmploymentServices (1995), 73 Ohio St.3d 694, the Supreme Court noted that appellate court are not permitted to make factual findings or to determine the credibility of witnesses, but nevertheless, must determine whether a board's decision is supported by the evidence in the record. This is a duty shared by all reviewing courts from the common pleas court through the Supreme Court, Id. No reviewing court may substitute its judgment for that of the agency's, Dudukovich v. Lorain Metropolitan Housing Authority
(1979), 58 Ohio St.2d 202.
The court of common pleas declined to find the Canton City Zoning Ordinances unconstitutional, and we find this is entirely proper. The Supreme Court has frequently directed all courts not to pass on the constitutionality of a statute unless vital to decide the case, State ex rel. Herbert v. Ferguson (1944),142 Ohio St. 496.
To the contrary, the court of common pleas found BZA had no standards for it to apply in determining whether a substitution of one non-conforming use for another is reasonable. R.C. 713.15
specifies the zoning ordinance provide for substitution of non-conforming uses upon such reasonable terms as are set forth in the zoning ordinance. The Board stated no basis for its decision. The court found the lack of guidance rendered the board's decision arbitrary, capricious, and unreasonable. Because of the lack of guidance, the court concluded the preponderance of substantial, reliable, and probative evidence of the entire record support the application.
In Hudson v. Albrecht (1984), 9 Ohio St.3d 69, the Ohio Supreme Court noted it is impossible to design a rule to fit every potential circumstance, so legislation must be general, giving discretion to administrative bodies. The legislation must only set forth sufficient criteria to guide the administration body in the exercise of its discretion.
Canton City Ord. 1127.07 prohibits the enlargement, expansion, or extension of nonconforming uses. Although we agree the Board could have been clearer in its disposition of appellee's application, nevertheless our review of the record leads us to conclude there are sufficient standards in the Canton City Zoning Ordinance to guide the Board's discretion, and, further, the Board did not abuse its discretion in determining the application should be denied.
Each assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.
By Gwin, J., Farmer, P.J., dissents.
Hoffman, J., concurs separately.
 Dissenting Opinion