OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas which affirmed the decision of appellee the Portage Township Board of Zoning Appeals ("Board") to deny appellant Dawn McNulty's application for a zoning certificate.
Appellant is the owner of Lots 13 and 14 in Stover Subdivision, Plat No. 1, Portage Township, Ottawa County, Ohio, also known as 50 Ewerson Road ("property"). The property is zoned R-2, which is a medium density single family residential district. Lot 13 is on the corner of Ewerson and West Roads and faces Ewerson Road. Lot 14 sits behind Lot 13 and its west edge faces West Road. The east edges of both Lots 13 and 14 border a boat canal. Across the boat canal from Lot 13 is Lot 19, which is developed and is owned by Robin Lorensen. Across the boat canal from Lot 14 is Lot 20, which sits behind Lot 19 and is undeveloped. To the south of Lot 14, are Lots 15, 16, 17 and 18, which all face West Road and are all undeveloped. Across West Road from appellant's property are two undeveloped lots. A house sits on Lot 13 which was built in 1981. Because the house does not meet the set-back requirements established by the Portage Township Zoning Resolution in 1989, it is a legal non-conforming building. In May 1992, before purchasing the property, appellant applied to the Board for a zoning variance which sought to vary the side yard set-back requirement from ten feet to two feet from the easterly property line. In that application, appellant indicated that the location of the new improvements would be twenty-five feet from the Ewerson Road right-of-way, which is located in the front of the home. On June 9, 1992, the Board granted the variance of a two foot set-back and thereafter appellant purchased the property.
In January 1993, appellant applied for a zoning certificate for the new improvements. The application stated that the new construction would be located twenty-five feet from the Ewerson Road right-of-way. On January 4, 1993, appellee, the Portage Township Zoning Inspector, approved the application for a zoning certificate. After construction began, however, the Zoning Inspector revoked the certificate because the construction was not in accordance with the application in that it was closer than twenty-five feet to the Ewerson Road right-of-way. On June 6, 1994, appellant filed a second application for a zoning variance to permit construction within one foot of the Ewerson Road right-of-way. On June 29, 1994, the Board denied that application. Appellant did not appeal that decision. Over the next few years appellant sought appellees' approval of various alterations to her property but to no avail.
On October 10, 1997, appellant filed a new application for a zoning certificate with the Zoning Inspector. The application indicated that the certificate was sought for both remodeling and new construction and listed the set-back from the Ewerson Road right-of-way as 21.05 feet. The application also indicated a proposed addition to the home of 1,305 square feet. On October 13, 1997, the Zoning Inspector rejected appellant's application. In explaining his reasons for the rejection, the Zoning Inspector stated:
 "2. The front yard set-back of 35 feet of the proposed addition has not been honored. General regulation 200.03 states `No building or structure shall be erected, converted, enlarged, reconstructed or structurally altered except in conformity with the yard and lot area regulations of the district in which the building is located unless otherwise specified herein.
 "3. Article 9, Non-conforming buildings and uses, subsection 900.06 Enlargement of buildings: `The addition to or enlargement of a non-conforming building may be permitted, provided such addition or enlargement conplies [sic] with the height and area regulations of the District in which it is located and that the total aggregate floor area included in all such separate enlargements does not exceed twenty (20) percent of the floor area contained in the building on the effective date of the resolution, as amended.'
 "A. The original floor area of the house is 1728 square feet.
 "B. The original floor area of the garage is 576 square feet.
"C. 20% of 1728 = 345.6 square feet."
On November 3, 1997, appellant appealed the decision of the Zoning Inspector to the Board. After a hearing on the matter, the Board voted to uphold the denial of the zoning certificate. On December 22, 1997, appellant timely appealed the decision of the Board to the Ottawa County Court of Common Pleas pursuant to R.C. 2506.01. Before that court, appellant asserted that the decision of the Board denying her a zoning certificate was erroneous because the front yard set-back proposed was in compliance with section 800.01(e) of the Portage Township Zoning Resolution. Appellant further argued that the proposed floor area was substantially the same as that which was approved in 1992 when she was originally granted a variance. Because the Zoning Inspector did not object to the floor area at that time or when he revoked the original zoning certificate, appellant asserted that he was barred from now contesting that floor area. On August 13, 1998, the lower court issued a decision and judgment entry affirming the decision of the Board. Specifically, the court held that because appellant's property was on the corner of Ewerson and West Roads, Section 800.01(b) of the Zoning Resolution controlled the set-back requirements. Because appellant's property did not comply with those requirements, the court held that the Board properly denied her request. As to the issue of the floor area of the proposed addition, the court held that the question was moot given its disposition of the set-back issue. Appellant now appeals the trial court's affirmance of the Board's decision, raising the following assignments of error:
 "I. IT CONSTITUTED ERROR TO HOLD THAT SECTION 800.01(e) OF THE PORTAGE TOWNSHIP REGULATIONS DOES NOT APPLY TO THE PROPERTY IN THIS CASE.
 "II. IT CONSTITUTED ERROR NOT TO ADDRESS THE MERITS OF APPELLANT'S CONTENTION THAT THE FAILURE TO RAISE ANY OBJECTION BASED UPON FLOOR AREA WHEN APPELLANT'S FIRST APPLICATION FOR A ZONING VARIANCE WAS APPROVED OR WHEN APPELLANT'S FIRST ZONING PERMIT WAS ISSUED, OR WHEN THAT PERMIT WAS REVOKED BARRED THE SUBSEQUENT ASSERTION OF AN OBJECTION BASED UPON FLOOR AREA."
In her first assignment of error, appellant contends that the trial court erred in its interpretation and application of the Portage Township Zoning Resolution. Specifically, appellant argues that the court erred in holding that Section 800.01(b) of the Resolution controls appellant's set-back requirement, exclusive of Section 800.01(e).
R.C. 2506.01 provides that "[e]very final order, adjudication, or decision of any * * * board * * * or other division of any political subdivision of the state may be reviewed by the court of common pleas * * *." R.C. 2506.04 then sets forth the common pleas court's standard of review. The standard is a "hybrid" form of review because R.C. 2506.04 directs that court to resolve both questions of law and questions of fact. Harvey v.Cincinnati Civil Serv. Comm. (1985), 27 Ohio App.3d 304, 306. Under R.C. 2506.04, "[t]he court applies the law to the evidence that was presented to the administrative agency, but acts as a finder of fact in regard to the new evidence; then, reviewing the entire record, the [common pleas] court determines whether the agency's decision was `unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence.' R.C. 2506.04." Id.
Our standard of review on appeal in this case is limited by R.C. 2506.04 which provides that only questions of law may be appealed to this court. Therefore, the judgment of the lower court will be affirmed unless we find, "* * * as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
Section 200.03 of the Portage Township Zoning Resolution is a general regulation that applies to all zoning districts and reads: "No building or structure shall be erected, converted, enlarged, reconstructed or structurally altered except in conformity with the yard and lot area regulations of the district in which the building is located unless otherwise specified herein." Section 502.06 of the Zoning Resolution then sets forth the front yard regulations that apply to R-2 districts. That section reads: "There shall be a front yard of not less than thirty-five (35) feet in depth, except as provided in Article 8." (Emphasis added.) Article 8 covers yard requirements and includes the regulation at issue in this appeal. Section 800.01 reads:
 "Front Yard: The following shall apply to front yards in all Districts:
 "a. Interior lots having a frontage on two (2) streets shall provide the required front yard on both streets.
 "b. For residential uses on corner lots, only one front yard shall be required to meet the requirements of the District in which the property is located with the other front yard established at twenty-five (25) feet.
 "c. Where a lot is situated between two (2) lots, each of which has a main building which projects beyond the established front yard line and has been so maintained since this Resolution became effective, the front yard requirement of such lot may be the average of the front yards of said existing buildings.
 "d. Where a lot adjoins one lot having the conditions described above, the front yard requirement of such lot may be the average of the front yard of the existing building and the established front yard requirement of the District in which it is located.
 "e. Where a lot is situated between two (2) undeveloped lots, the average front yard established by the other existing buildings on the same side of the street between the nearest intersecting streets may be used as the front yard requirement of the lot."
Appellant does not dispute that her property sits on a corner and that Section 800.01(b) applies to her case. Rather, appellant asserts that because all of the platted plots in proximity to her property are undeveloped, Section 800.01(e) also applies to control the set-back requirement. Because zoning legislation is to be construed in favor of the landowner, appellant argues that Section 800.01(e) should control. She then contends that because the set-back of the only other home between the nearest intersecting streets, the Lorensen home, is three to four feet closer to the Ewerson Road right-of-way than her home, her proposed improvements did not violate the Zoning Resolution.
While we agree that zoning regulations that deprive an owner of real property of a certain use of his or her property must be strictly construed in favor of the property owner, LibertySav. Bank v. Kettering (1995), 101 Ohio App.3d 446, 451-452, the restrictions at issue herein have not been used to restrict appellant's use of her property. Rather, the restrictions have been used to prevent the expansion of a non-conforming building. It is well-settled that nonconforming uses and buildings are not favorites of the law and that local governments may prohibit the expansion or substantial alteration of a nonconforming use in an attempt to eradicate that use. Hunziker v. Grande (1982), 8 Ohio App.3d 87,89.
Appellant argued before the lower court, and argues before this court, that her property is situated "between" two undeveloped lots and so Section 800.01(e) controls the set-back requirement. The undeveloped lots she cites are the lots behind her property which face West Road, the lots across West Road from her property, and the lot across the boat canal from Lot 14. Lot 14, however, is the undeveloped lot which appellant owns and which sits behind Lot 13. Lot 13 is the only lot at issue in this case because that is the lot on which the house sits and on which appellant seeks to make improvements. Lot 13 sits literally between West Road and the boat canal. The trial court concluded that "In attempting to find a lot `between' two undeveloped lots, Appellant ventures over water, onto different streets and even into different subdivisions." We cannot say that this conclusion is erroneous. In our view, the undeveloped lots to which 800.01(e) refers, must be on the same street and on the same side of the street as the lot in question. This is the only logical reading of the provision. Because Lot 13 does not sit between undeveloped lots, the court did not err in concluding that Section 800.01(e) does not apply to this case. Moreover, because Lot 13 is a corner lot, the court's conclusion that Section 800.01(b) controls the set-back requirement is supported by a preponderance of reliable, probative and substantial evidence.
The first assignment of error is not well-taken.
In her second assignment of error, appellant asserts that if this court finds the first assignment of error well-taken, then the trial court further erred in finding moot the issue of the floor area of the proposed addition.
When reviewing an administrative appeal, a common pleas court is "required to meet only that issue or those issues which are necessary in order to resolve the case." In re Annexation of1,544.61 Acres (1984), 14 Ohio App.3d 231, 235. Accordingly, the court is not required to rule on all of the assignments of error that are submitted. Id. Because the trial court's ruling on the set-back requirement was sufficient to affirm the decision of the Board, the court was not required to address the assignment of error dealing with the floor area issue. The second assignment of error is therefore not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J. _______________________________ JUDGE James R. Sherck, J. _______________________________ JUDGE Mark L. Pietrykowski, J. _______________________________ JUDGE
CONCUR.