**SOCOTCH, In re, Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5005.    Decided November 2, 1953.

Isadore Topper, Brooke Alloway, Columbus, William J. Kraus, Cleveland, for appellant.

Hon. C. William O'Neill, Atty Genl., Robert E. Leach, Special Counsel, Robert B. Rady, Asst. Atty. Genl., Columbus, for Board of Liquor Control of the State of Ohio.

**OPINION**

By THE COURT.

This is an appeal from an order of the Common Pleas Court dismissing appellant's appeal from an order of the Board of Liquor Con-

trol, affirming an order of the Department of Liquor Control refusing to renew and issue a D-5 permit to appellant on her application therefor.

Three errors are assigned, first, failing to consider the appeal on its merits; second, failure to reverse the order of the Board of Liquor Control; and, third, in dismissing the appeal.

The dismissal of the appeal by the Common Pleas Judge was based upon the conclusion that the same subject matter between the same parties was pending in the Court of Appeals of Franklin County on review of an order of the Common Pleas Court in a contempt proceeding requiring the D-5 permit of appellant to be granted which is the same relief sought by appellant in the instant case.

Strangely enough, the parties are in agreement that the Common Pleas Court has jurisdiction to hear and determine the appeal which was dismissed. They differ, however, in their reasons. Counsel for the Board insist that the Court from which the contempt citation issued had no jurisdiction to determine the question which is presented on the appeal from the Board, and, therefore, the appeal should properly proceed in the Common Pleas Court. The appellant maintains that she is entitled to all the relief sought in the contempt proceeding but that possibly, she might be mistaken; that the Court might hold against her in that proceeding and, if so, she is entitled to be heard on her appeal and to the relief there sought.

We are in agreement with the conclusion that the Common Pleas Court should hear and determine the appeal. This is true for at least two reasons: First, the proceedings in contempt and the appeal are not inconsistent in the remedies sought. Second, the statutory proceeding covering the appeal requires the Common Pleas Court to hear and determine that appeal.

There is no doubt that the order of the Board of Liquor Control is a final order, that it is appealable and that the proper steps have been taken to perfect the appeal. This being true, the applicable Section, §154-73 GC, requires that the Court shall conduct a hearing on such appeal "and shall determine the rights of the parties in accordance with the statutes or other law applicable to such action." Manifestly, to maintain orderly procedure and to comply with the mandate of the statute the appeal should be determined without respect to the pendency of the contempt proceedings. If in the contempt citation, it was held that Socotch was entitled to the relief sought, the appeal should have been considered and determined in the light of that adjudication. If to maintain comity between coordinate branches of the court the judge hearing the appeal felt constrained to follow the order in the contempt proceeding, then the Board should have been reversed and the Department directed to issue the permit, as requested. In view of the provision of §154-73 GC that the hearing on the appeal shall have preference over all other civil cases, we know of no way that the Common Pleas Court could have deferred the hearing to await the action of the upper court on the appeal in the contempt case.

In case No. 4934, Socotch v. Krebs et al (67 Abs 197), opinion released today, we have determined that the Court did not have jurisdiction in the contempt citation to reach the question involved on the appeal.

The dismissal of the appeal had the effect of an affirmance of the action of the Board in refusing the issuance of a permit to appellant although at that time the order of the Common Pleas Court in the contempt citation directed the Department to issue the permit as applied for.

The first and third branches of the assignments of error will be sustained. The second will be overruled.

The order of the Common Pleas Court will be reversed and the cause remanded for further proceedings according to law.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.