FISH ET AL., APPELLEES, *v.* BOARD OF COMMISSIONERS OF LAKE COUNTY, APPELLANT.

(No. 40973—Decided March 6, 1968.)

Messrs. *Greene & Tulley* and *Mr. Ralph V. Greene,* for appellees.

Mr. *Fred V. Skok,* prosecuting attorney, and *Mr. Albert Obermeyer,* for appellant.

*Per Curiam.* This is the third time that the board has appeared before this court in a case involving its rights in and to this same part of what was dedicated in 1928 as Mentor Harbor Boulevard.

On the first occasion, this court dismissed a claimed appeal as of right (165 Ohio St. 520, 137 N. E. 2d 885), and overruled a motion to certify the record. The opinion

of the Court of Appeals in that case was cited by the Common Pleas Court in its judgment order in this case.

In the second case, *State, ex rel. Mentor Lagoons, Inc.,* v. *Brick* (1957), 166 Ohio St. 385, 142 N. E. 2d 851, the Board of County Commissioners of Lake County successfully resisted an original action in this court to compel them to construct approaches to a bridge that had been erected upon a part of what had been dedicated as Mentor Harbor Boulevard, which part adjoins the part involved in the instant case. In its answer in that case, the board alleged as an affirmative defense that what had been dedicated in 1928 as Mentor Harbor Boulevard "remained unopened for * * * more than seven * * * years * * * and the right to build said road * * * has been barred by law." In their brief in that case, the board contended to this court that what had been dedicated as Mentor Harbor Boulevard in 1928 had been vacated by the part of what is now Section 5553.10, Revised Code, which had been quoted by the board in the above referred to resolution of June 6, 1955.

The opinion in that case discloses that this court sustained that contention in holding for the board. *State, ex rel. Mentor Lagoons, Inc.,* v. *Brick, supra,* at 387 (166 Ohio St. 385).

In effect, the board, in 1957, elected to abandon any interest in the road here involved in order to successfully avoid any obligation with respect thereto. It thus elected to assert one of two inconsistent substantive rights; and, especially after having been successful in the assertion of that right in a judicial proceeding, cannot now assert the other inconsistent right in a judicial proceeding. See Annotation, 6 A. L. R. 2d, 10, 23; *Frederickson* v. *Nye* (1924), 110 Ohio St. 459, 466, 144 N. E. 299, 35 A. L. R. 1163; 25 American Jurisprudence 2d 651, 661, 667, Sections 7, 19, 25.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, DUFFY, HERBERT, SCHNEIDER and BROWN, JJ. concur.

DUFFY, J., of the Tenth Appellate District, sitting for O'NEILL, J.