OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Hughes, Appellant, v. Celeste, Governor, Appellee.
[Cite as State ex rel. Hughes v. Celeste (1993),      Ohio St.3d    .]
Mandamus to compel Governor to consider request for a pardon without regard to the fact that petitioner stood convicted of a federal, and not a state, felony -- Trial court issues peremptory writ -- Governor fails to timely appeal, when.
(No. 92-1035 -- Submitted April 21, 1993 -- Decided September 29, 1993.)

Appeal from the Court of Appeals for Franklin County, Nos. 91AP-1167 and 91AP-1168.

In 1987, appellant Martin J. Hughes was convicted in the United States District Court for the Northern District of Ohio of violating, inter alia, Section 7206(2), Title 26, U.S.Code, aiding in the filing of a false tax form, which is a federal felony offense. United States v. Hughes (Nov. 13, 1987), N.D.Ohio No. CR 86-98, unreported, 1987 WL 33806. R.C. 2961.01 disqualifies persons convicted of federal and state felonies from serving as electors or jurors, and from holding offices of honor, trust, or profit unless pardoned. Desiring the restoration of his rights, Hughes approached Governor Richard F. Celeste in December 1990 for a full pardon. Governor Celeste declined to consider Hughes's request because the Governor believed that R.C. 2961.01 prevented him from pardoning Hughes from the state-imposed consequences of a federal offense. As a result, Hughes filed a complaint for injunctive and declaratory relief against the Governor and the state of Ohio in the Court of Common Pleas of Franklin County. He subsequently filed an amended complaint on January 9, 1991, modifying the requested relief to a peremptory writ of mandamus to compel the Governor "to accord equal treatment to applications for pardons irrespective of whether the applicant was convicted under the laws of this state, another state, or the United States." The trial court granted the peremptory writ in an order journalized on January 10, 1991.

On July 25, 1991, the trial court, finding that an unspecified "clerical error" had occurred, converted the

peremptory writ to an alternative writ and scheduled the matter for hearing.  On August 27, 1991, the trial court again reconsidered and reconverted the writ into a peremptory writ. The court also found that the original peremptory writ "was never entered upon the journals of this Court as a Final Appealable Order and as such it is clear from the record before this Court that the time for appeal has not yet run on this case."  In an order journalized on September 12, 1991, the court ordered that the clerk "shall appropriately notice" the service of judgment on the parties "so that appeal may run."

The Governor appealed the order of September 12, and the court of appeals reversed and remanded.  Hughes appealed to this court, arguing, inter alia, that the January 10, 1991 grant of mandamus by the trial court was a final appealable order, which the Governor failed timely to appeal.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Bricker & Eckler, Percy Squire and Wendi R. Huntley; Ricketts & Onda and Martin J. Hughes III, for appellant.

Lee Fisher, Attorney General, and Patrick A. Devine, Assistant Attorney General, for appellee.

Moyer, C.J.    Appellant asserts that R.C. 2961.01 is an unconstitutional encroachment upon the power of the Governor to issue pardons.  Because we reverse the decision of the court of appeals on the basis that the Governor failed timely to appeal the original peremptory writ of mandamus, however, we do not reach this issue.

Under R.C. 2505.02, an order is final and appealable if it satisfies each of these three criteria: (1) it affects a substantial right; (2) it in effect determines the action; and (3) it prevents a judgment.  Bellaire City Schools Bd. of Edn. v. Paxton (1979), 59 Ohio St.2d 65, 13 O.O.3d 58, 391 N.E.2d 1021.

A "substantial right" is a legal right enforced and protected by law.  Noble v. Colwell (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383.  Hughes's asserted right, to be considered for a pardon, is constitutional in nature.  We hold, therefore, that it is a "substantial right."

To be a final appealable order, the grant of the peremptory writ in the instant case must also have determined the action and prevented a judgment.  An order that accords the petitioner complete satisfaction of his claim for a peremptory writ of mandamus and prevents a favorable judgment for the respondent satisfies these requirements.  See Harvey v. Cincinnati Civ. Serv. Comm. (1985), 27 Ohio App.3d 304, 27 OBR 360, 501 N.E.2d 39.  The trial court's grant of a peremptory writ compelled the Governor to consider Hughes's request for a pardon without regard to the fact that he stood convicted of a federal, and not a state, felony.  With that, Hughes had obtained all he asked for and the Governor had no opportunity for a favorable judgment.  Thus, the court's issuance of a peremptory writ satisfied the criteria of R.C. 2505.02 and was a final appealable order.

The Governor is bound by the trial court's initial peremptory writ if he failed timely to appeal it.  App.R. 4(A)

states that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."  Thus, the Governor was obligated to file a notice of appeal within thirty days of the January 10, 1991 order granting the peremptory writ, unless service was not made within the three-day period in Civ.R. 58(B).

Civ.R. 58(B) directs the clerk of court to serve the parties with notice of a judgment, within three days of its entry upon the journal, in a manner prescribed by Civ.R. 5(B). The task of service of notice of a judgment thus normally befalls the court clerk.  Civ.R. 58(B) further provides, however, that "[t]he failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."  App.R. 4(A), by its clear language as quoted above, tolls the time period for filing a notice of appeal only if service is not made within the three-day period of Civ.R. 58(B).

The record in this case shows that the court's issuance of the peremptory writ of mandamus was journalized on January 10, 1991.  The docket lacks an entry indicating that the court clerk served notice on the parties, nor does the record reveal any evidence of service.  Such an apparent defect does not toll the running of the time for appeal, however, unless no service is effected within three days.  App.R. 4(A); Civ.R. 58(B). This is not the case here.  Civ.R. 5(B) provides that service may be made "by delivering a copy to the person to be served ***."  Appellant's attorney served the Governor's attorney, Assistant Attorney General Patrick A. Devine, with a copy of the peremptory writ on the day it was issued.  Service was thus perfected in a manner consistent with Civ.R. 5(B).

We conclude that: (1) the first peremptory writ was issued and journalized on January 10, 1991; (2) the Governor was served with the writ on the same day; (3) the writ was a final appealable order; (4) the time for appeal was never tolled; and (5) the Governor failed to appeal the writ within thirty days of its entry upon the court's journal.  The Governor is thus bound by the writ.  The judgment of the court of appeals is reversed and the January 10, 1991 judgment of the trial court is reinstated.

Judgment reversed.

A.W. Sweeney, Wright, Resnick and F.E. Sweeney, JJ., concur.

Douglas, J., concurs separately.

Pfeifer, J., dissents.

Douglas, J., concurring.    I write separately only to make the point that the discussion of the majority of R.C. 2505.02, App.R. 4(A), Civ.R. 5(B) and 58(B) is neither necessary nor appropriate and is, at best, confusing.  The January 10, 1991 entry was filed with the clerk and dated and time-stamped.  The parties to this appeal agree that the entry was never journalized by the clerk of that court.  However, contrary to the parties' assertions, it is clear from the computerized printout of the trial court's docket sheet that the entry was properly journalized by the clerk.  In counties

where the court's journal is kept on computer, the clerk's act of logging the entry into the court's computer constitutes the "journalization" of that order.  See Civ.R. 58(A).  Further, the January 10, 1991 entry was personally served by appellant's counsel on counsel for the Governor.  Having had actual notice of the journalized entry of the court granting a peremptory writ, appellee was obliged to file a notice of appeal within thirty days.  Appellee did not do so and, thus, will not now be heard to say that a subsequent entry resurrected his appeal time.

I agree that since the appellee failed, within thirty days, to appeal the order allowing a peremptory writ, appellee's appeal time has run.  The final order of the trial court of January 10, 1991 never having been appealed is, accordingly, the final judgment in this case.  I concur in the majority's decision to reverse the court of appeals and enter final judgment for appellant.

Pfeifer, J.,    dissenting.    Because of the overwhelmingly important constitutional issues involved in the present case, I would decide the case on its merits.  The majority permits an errant order of the trial court to become the law in the state of Ohio.  The writ of mandamus issued by the trial court effronts the clear delineation of state and federal powers laid down in the United States Constitution. This writ compels the Governor of Ohio to "accord equal treatment to applications for pardon submitted to him by persons convicted under the laws of the United States, as the treatment accorded to applications for pardon submitted by persons convicted under the laws of the State of Ohio."

The President of the United States has the exclusive discretionary power to pardon convictions under federal statutes. Section 2, Article II of the Constitution of the United States.  A state governor may only pardon state offenses.  Governor Celeste was constitutionally correct when he denied appellant's request for a pardon.

Additionally, the trial court's use of the writ of mandamus tresspasses upon the powers constitutionally reserved solely for the Governor.  According to Section 11, Article III of the Ohio Constitution, the Governor "shall have power, after conviction, to grant reprieves, commutations, and pardons, for all crimes and offenses, except treason and cases of impeachment, upon such conditions as he may think proper[.]" (Emphasis added.)  The Governor's pardon power is purely discretionary.  This discretionary pardon power can neither be regulated, nor enhanced, by the judiciary's mandamus power. Jenkins v. Knight (1956), 46 Cal.2d 220, 293 P.2d 6.

I would affirm the holding of the court of appeals. Governor Voinovich should stamp "incorrect address" on appellant's request for a pardon, and forward it to "1600 Pennsylvania Ave., Washington, D.C.," so that it may be reviewed by the one official empowered to grant the request.