OPINION
{¶ 1} This is an appeal from a judgment entry issued by the Columbiana County Court of Common Pleas, granting Appellee General Motors Corporation's motion to dismiss an administrative appeal filed by David Flynn, individually, and Columbiana Buick-Olds-Cadillac-Chevrolet, Inc. (jointly referred to as "Appellants") on jurisdictional grounds. The record on appeal indicates that Appellants did not file a timely appeal of the lower court judgment entry. Thus, appellate jurisdiction has not been properly invoked and we must dismiss this appeal.
 {¶ 2} David Flynn is the president and sole owner of an automobile dealership known as Columbiana Buick-Olds-Cadillac-Chevrolet, Inc. The dealership is a franchisee as that term is defined under R.C. 4517.56. Appellee is the franchisor. Appellant Flynn contracted to purchase another dealership/franchise specializing in the sales and repairs of new and used GM light trucks. Under the terms of that purchase agreement, Appellant Flynn eventually anticipated relocating the truck dealership to the facility in Columbiana.
 {¶ 3} In accordance with R.C. 4517.56, Appellants notified Appellee of the intended purchase and the tentative terms of the agreement on October 26, 2001. In a letter dated January 17, 2002, Appellee summarily rejected the proposed purchase and relocation of the Waterford GM light truck dealership. (Appendix R, Exh. 3.) In a second letter, dated January 18, 2002, however, Appellee clarified the previous correspondence stating:
 {¶ 4} "GM is not rejecting the proposal to the extent that it calls for the buy/sell of the subject dealership. However, we do not believe, as previously stated, that there is good cause to justify the proposed relocation of the GMC dealership under the standards of Ohio law and applicable agreements. Thus, GM is approving the proposed transfer of the dealership, but is rejecting the requested relocation." (Appendix R., Exh. 4.)
 {¶ 5} On February 7, 2002, Appellants filed an administrative protest to the Motor Vehicle Dealers Board ("Board") pursuant to R.C.4517.50(A), arguing that Appellee lacked the good cause required by R.C.4517.56(D) to deny the proposed transfer. On June 21, 2002, the hearing officer recommended that the Board dismiss the protest because, "Ohio law provides no remedy," where the franchisor approves the dealership sale but forbids the franchisee from relocating. (Recommendation on Motion to Dismiss and Motion for Summary Judgment, June 21, 2002.) The Board approved the examiner's recommendation on July 22, 2002.
 {¶ 6} Appellants sought administrative review of the Board's decision to adopt the examiner's recommendation in the Columbiana County Court of Common Pleas on July 29, 2002. There, Appellants maintained that by approving the dealership purchase but rejecting the concomitant request to relocate, Appellee had created an insurmountable obstacle to the dealership's purchase. According to Appellants, the examiner's conclusion that they had no remedy at law enabled a franchisor to circumvent the intent of the law because Appellee effectively forbade the dealership sale or transfer but was never required to demonstrate good cause for doing so under R.C. 4517.56(D) and (E).
 {¶ 7} In a judgment entry filed on October 22, 2002, the trial court dismissed the administrative appeal because Appellants filed it in Columbiana County and not in Franklin County as required by R.C. 119.12. In so concluding, the trial court observed:
 {¶ 8} "The legislative intent seems that appeals are to go where the legislature says they are to go and unless the legislature has clearly indicated otherwise they are to do so. Here this appeal has to go to Franklin County. Had the legislature intended to give the appellant the right to file either in Franklin County or in the county of his residence or location of his business the legislature would have clearly said so as it did in the case of appeals from the Fire Marshall and from revocations of licenses." (10/22/02 Judgment Entry, pp. 2-3.)
 {¶ 9} On October 25, 2002, Appellants filed a motion asking the trial court to transfer the case to the Franklin County Court of Common Pleas so that the cause of action could proceed in accordance with R.C.119.12. On November 1, 2002, Appellants also filed a motion labeled as "Motion for a New Trial or, in the Alternative, Motion for Judgment Notwithstanding the Verdict; and Motion for Relief from Judgment." On November 6, 2002, the trial court denied Appellants' request for a transfer and overruled the remaining motions as well.
 {¶ 10} On December 2, 2002, Appellants filed their Notice of Appeal of the October 22, 2002, and November 6, 2002, judgment entries. Our preliminary review of the appeal raised the question as to whether Appellants' appeal was timely with regard to the October 22, 2002, Judgment Entry because the appeal was filed beyond the thirty-day time limit set in App.R. 4(A). On December 20, 2002, we concluded that our cursory review indicated Appellants had not received proper notice of the trial court's final order from October 22, 2002, and, under the circumstances, we allowed Appellants to proceed with their appeal. On February 10, 2003, Appellee filed a Motion to Dismiss this appeal on jurisdictional grounds, seeking to more fully address whether this appeal had been timely filed. The parties submitted additional memoranda on the jurisdictional question. On August 18, 2003, we agreed to revisit the jurisdictional issue and allowed the parties extra time to argue the matter at oral argument. Based on the record before us, we must conclude that Appellee is correct and that this Court does not have jurisdiction to hear this matter.
 {¶ 11} The timely filing of a notice of appeal is a jurisdictional requirement for a valid appeal. Transamerica Ins. Co. v. Nolan (1995),72 Ohio St.3d 320, 649 N.E.2d 1229, syllabus. "Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." State ex rel. Pendell v. Adams Cty. Bd. of Elections
(1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713.
 {¶ 12} "Subject matter jurisdictional defects may be raised at any stage of the proceedings, cannot be waived by either party, and when called to the attention of the court, require the court to dismiss the action." Miller v. Premier Indus. Corp. (2000), 136 Ohio App.3d 662,673, 737 N.E.2d 594.
 {¶ 13} App.R. 3(A) states:
 {¶ 14} "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."
 {¶ 15} App.R. 4(A) states:
 {¶ 16} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 17} According to Civ.R. 58(B):
 {¶ 18} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."
 {¶ 19} Civ.R. 5(B) provides for the following methods of service:
 {¶ 20} "* * * Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court. The served copy shall be accompanied by a completed copy of the proof of service required by division (D) of this rule. `Delivering a copy' within this rule means: handing it to the attorney or party; leaving it at the office of the person to be served with a clerk or other person in charge; if there is no one in charge, leaving it in a conspicuous place in the office; or, if the office is closed or the person to be served has no office, leaving it at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion then residing in the dwelling house or usual place of abode. Service by mail is complete upon mailing. Service by facsimile transmission is complete upon transmission."
 {¶ 21} Appellants' appeal was filed on December 2, 2002, which is considerably more than thirty days after the October 22, 2002, Judgment Entry was filed. Appellee contends that the motions filed on October 25, 2002, and November 1, 2002, did not toll the time allowed to file an appeal under App.R. 4(A). Appellants have not responded to this argument, and they apparently concede that the time for appealing the October 22, 2002, Judgment Entry was not tolled by Appellants' post-judgment motions. Therefore, it appears at first glance that the appeal was not filed on time.
 {¶ 22} Appellants' reason for asserting that this appeal was timely filed is that the clerk of the trial court failed to properly serve Appellants with a copy of the judgment entry as required by Civ.R. 58(B), and failed to note the date of service in the trial court's appearance docket.
 {¶ 23} App.R. 4(A) specifically refers to Civ.R. 58(B) in setting the time limits for a civil appeal. According to App.R. 4(A), the time for filing a civil appeal begins when the judgment entry is filed, unless the judgment entry is not made within three days as set forth in Civ.R. 58(B).
 {¶ 24} Appellants argue that Civ.R. 58(B) is only properly carried out when two things happen: (1) the clerk of courts, and only the clerk of courts, serves the parties with notice of the judgment entry as permitted by Civ.R. 5(B); and (2) the notice of service is noted on the court's appearance docket. Appellants argue that the Ohio Supreme Court came to the same conclusion in In re Anderson (2001), 92 Ohio St.3d 63,748 N.E.2d 67.
 {¶ 25} Anderson involved an appeal of two juvenile delinquency cases. The appeals had been dismissed as untimely because they were filed almost two years after final judgment had been entered. Anderson reversed the Second District Court of Appeals and held that:
 {¶ 26} "For civil cases, App.R. 4(A) requires the notice of appeal to be filed within thirty days of `the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in [Civ.R.] 58(B).' App.R. 4(A) thus contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to Civ.R. 58(B). Civ.R. 58(B) requires the court to endorse on its judgment `a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal.' The clerk must then serve the parties within three days of entering judgment upon the journal. `The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).' Whitehall exrel. Fennessy v. Bambi Motel, Inc. (1998), 131 Ohio App.3d 734, 741,723 N.E.2d 633, 638.
 {¶ 27} "Here, the trial court never endorsed upon the judgment entry the required `direction to the clerk to serve upon all the parties * * * notice of the judgment and its date of entry upon the journal' pursuant to Civ.R. 58(B). Moreover, the juvenile court's docket contains no indication that appellant was ever served with notice. Therefore, the time for filing a notice of appeal never began to run because the trial court failed to comply with Civ.R. 58(B). Therefore, appellant's appeal in this case was timely filed under App.R. 4(A)." Anderson,92 Ohio St.3d at 67, 748 N.E.2d 67.
 {¶ 28} Appellants contend that in light of Anderson, the time for filing their appeal has not yet started to run because the court's appearance docket does not contain an entry showing that proper service has been made and because the record does not show that the clerk of court served notice of the October 22, 2002, Judgment Entry.
 {¶ 29} Appellee argues in rebuttal that State ex rel. Hughes v.Celeste (1993), 67 Ohio St.3d 429, 619 N.E.2d 412, governs the instant appeal rather than Anderson. In Hughes, the Governor of Ohio waited longer than thirty days to appeal an order granting a peremptory writ of mandamus. In determining whether the Governor's appeal was timely, theHughes opinion reasoned as follows:
 {¶ 30} "Civ.R. 58(B) directs the clerk of court to serve the parties with notice of a judgment, within three days of its entry upon the journal, in a manner prescribed by Civ.R. 5(B). The task of service of notice of a judgment thus normally befalls the court clerk. Civ.R. 58(B) further provides, however, that `[t]he failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).' App.R. 4(A), by its clear language as quoted above, tolls the time period for filing a notice of appeal only if service is not made within the three-day period of Civ.R. 58(B).
 {¶ 31} "The record in this case shows that the court's issuance of the peremptory writ of mandamus was journalized on January 10, 1991. The docket lacks an entry indicating that the court clerk served notice on the parties, nor does the record reveal any evidence of service. Such an apparent defect does not toll the running of the time for appeal, however, unless no service is effected within three days. App.R. 4(A); Civ.R. 58(B). This is not the case here. Civ.R. 5(B) provides that service may be made `by delivering a copy to the person to be served * * *.' Appellant's attorney served the Governor's attorney, Assistant Attorney General Patrick A. Devine, with a copy of the peremptory writ on the day it was issued. Service was thus perfected in a manner consistent with Civ.R. 5(B)." Hughes, 67 Ohio St.3d at 431,619 N.E.2d 412.
 {¶ 32} The Hughes opinion held that the Governor's appeal was not timely. Id. Appellee maintains that this instant appeal should also be ruled as untimely because the record clearly shows that Appellants received the October 22, 2002, Judgment Entry within three days of the date that the judgment was filed. Appellee points to the Motion to Transfer filed by Appellants on October 24, 2002, which motion specifically refers to the October 22, 2002, Judgment Entry. The Motion to Transfer states, in part:
 {¶ 33} "Appellants respectfully request, pursuant to its October 22, 2002, Judgment Entry, that the merits of the within appeal be transferred to the Franklin County Court of Common Pleas." Thus, it is clear that service was made within at least two days of filing of the entry.
 {¶ 34} Furthermore, the motion Appellants filed on November 1, 2002, makes very specific references to the content of the October 22, 2002, Judgment Entry. For example, the memorandum of law attached to the November 1, 2002, motion states:
 {¶ 35} "[T]his court issued an October 22, 2002, Judgment Entry that Columbiana County does not have jurisdiction over the R.C. §119.12 administrative appeal and that it should have been commenced in the Franklin County Court of Common Pleas." (11/1/02 Motion, Memorandum in Support, p. 3.)
 {¶ 36} Appellee submits that Appellants should be bound by the content of their own court filings, and those filings clearly indicate that they received the October 22, 2002, Judgment Entry within three days. Appellee contends that, under Hughes, an appeal may be deemed untimely even if the appearance docket does not contain a notation of the date that the parties were served with notice of the judgment entry, if the record reflects that the parties actually received the judgment entry within the allotted three days. Appellee concludes that since it is apparent Appellants did receive the October 22, 2002, Judgment Entry within three days, they were required to have filed their appeal by November 21, 2002.
 {¶ 37} Appellants contend that Anderson implicitly overruledHughes, and that there is an absolute requirement that the appearance docket indicate the date that notice of the judgment was sent to the parties. In fact, at oral argument Appellants argue that they have not yet been served with the entry. We do not agree with Appellants' interpretation of the holding or the effect of Anderson. In Anderson, the Supreme Court looked to the record to see if the parties had been given notice of the judgment entry. Anderson first noted that, "the trial court never endorsed upon the judgment entry the required `direction to the clerk to serve upon all the parties * * * notice of the judgment and its date of entry upon the journal' pursuant to Civ.R. 58(B)." Anderson,92 Ohio St.3d at 67, 748 N.E.2d 67. Obviously, if the judgment entry being appealed contains nothing about whether the clerk was supposed to serve copies on all the parties, the judgment entry cannot be used as proof that service was actually made. The Anderson court then looked for any other indication it could find in the record that service had been made. The only other indication in the record that a reviewing court would normally expect to find is the notation in the appearance docket that service has been made. Anderson indicated that there was no such notation in the appearance docket. Therefore, based on the record before theAnderson court, there was no evidence that the parties had been served with the judgment entry.
 {¶ 38} In Hughes, although the official record was silent concerning the date that the judgment entry had been served on the parties, it was apparently an uncontroverted fact on appeal that the Governor's attorney was personally served with the writ on the same day that it was issued. Hughes, 67 Ohio St.3d at 431, 619 N.E.2d 412. Thus, in Hughes, the Supreme Court was able to rely on the fact that the judgment entry had been served even though service was not performed by the clerk of court and was not noted in the appearance docket by the clerk of court.
 {¶ 39} The instant appeal presents quite a different record than that available to the Anderson court. Here we have a clear indication on the record of the date that Appellants received notice of the October 22, 2002, Judgment Entry. The record of this matter contains a motion filed by Appellants themselves showing that they received the judgment entry on or before October 24, 2002, and another motion filed soon afterward describing the content of the judgment entry. These motions generated further activity by the trial court, including a subsequent judgment entry. Based on these documents in the record, we do not need to rely solely on the clerk's notation described in Civ.R. 58(B) as proof of the date of service. Because the record reflects that service was made within the three-day time limit set in Civ.R. 58(B), the time for filing an appeal in this case began to run on the date that the judgment entry was filed, which was October 22, 2002. Appellants did not file their appeal until December 2, 2002, well beyond the thirty-day period prescribed in App.R. 4(A). Therefore, this appeal is untimely, and we do not have jurisdiction to hear the issues raised in this appeal.
 {¶ 40} We must note that our analysis here based on the unique circumstances of this case is in no way a departure from our previous rulings dealing with App.R. 4(A). Normally, the record in front of us contains only one item indicating the date that the parties have been given notice of the judgment entry being appealed, and that item is the notation in the appearance docket that notice was sent. If the record is devoid of this notation, the record is usually devoid of any other evidence of compliance with the notice provisions of Civ.R. 58(B). At that point our inquiry ends, and we would typically find that the time for filing an appeal has been tolled and allow the appeal to proceed. This is the typical Anderson situation. In a few cases, though, there are other clear indications in the record of the date that service was made even though the trial court clerk did not note the date of service in the appearance docket. In those situations, such as found in the instant appeal, we must evaluate the evidence in the record to determine if and when service was made.
 {¶ 41} We would also note that a party cannot file post-judgment motions with the trial court which clearly show that party has been served with the judgment entry, and then expect to argue on appeal that they have never been served with the judgment entry. In essence, we are applying the rule of judicial estoppel, which prohibits a party from asserting inconsistent substantive rights in two related judicial proceedings. Fish v. Lake Cty. Bd. of Commrs. (1968), 13 Ohio St.2d 99,102, 42 O.O.2d 290, 234 N.E.2d 590; Smith v. Dillard Dept. Stores, Inc.
(2000), 139 Ohio App.3d 525, 533, 744 N.E.2d 1198. Judicial estoppel, "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." Teledyne Indus., Inc. v. NLRB (C.A. 6, 1990), 911 F.2d 1214,1218. Appellants filed post-judgment motions with the trial court indicating that they received the October 22, 2002, Judgment Entry by at least October 24, 2002. The trial court ruled on those motions, and Appellants have indicated to this Court that they are attempting to appeal the trial court's ruling on those motions, as well as the trial court's earlier ruling. Appellants cannot also argue the opposite position on appeal that they never received the original judgment entry that induced Appellants to file those post-judgment motions.
 {¶ 42} Based on all of the forgoing, we hereby sustain Appellee's motion to dismiss this appeal on jurisdictional grounds. Costs are taxed to Appellants.
Donofrio and Vukovich, JJ., concur.