STATE EX REL. HALDER, APPELLANT, *v.* FUERST, APPELLEE.

[Cite as *State ex rel. Halder v. Fuerst,* 118 Ohio St.3d 142, 2008-Ohio-1968.]

(No. 2007–2285—Submitted April 23, 2008—Decided April 30, 2008.)

————————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel a clerk of courts to serve notice of a trial court's denial of a motion for relief from judgment on the party filing the motion. Because the clerk had already served notice of the judgment on the party and the party had an adequate remedy at law to raise his claim that he did not receive notice of the judgment, we affirm.

{¶ 2} Appellant, Biswanath Halder, filed a motion for relief from judgment in *Halder v. Miller*, Cuyahoga C.P. No. CV–01–441308. On November 29, 2006, the common pleas court denied the motion. The clerk of the common pleas court mailed notice of the judgment to Halder at the last address he had given the court—1918 Coltman Road, Cleveland, Ohio. At that time, however, Halder was incarcerated in Mansfield Correctional Institution, where he had been since June 2006. Halder subsequently received a certified copy of the November 2006 common pleas court judgment denying his motion from the clerk in April 2007. In that same month, Halder requested that the clerk's office update its records to reflect his prison address.

{¶ 3} Halder then filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellee, Cuyahoga County Clerk of Courts Gerald E. Fuerst, to serve him with the notice of the November 2006 judgment denying his motion for relief from judgment. Fuerst filed a combined motion to dismiss and for summary judgment. The court of appeals granted the motion for summary judgment and denied the writ.

{¶ 4} Halder claims that the court of appeals erred in denying the writ. For the reasons that follow, Halder's claim lacks merit.

{¶ 5} First, "[m]andamus will not issue to compel an act that had already been performed." *State ex rel. Madsen v. Foley Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 11. The clerk properly served Halder with a copy of the common pleas court's judgment denying Halder's motion for relief from judgment by mailing it to the last address that Halder had provided to the clerk. See *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 431, 619 N.E.2d 412 ("Civ.R. 58(B) directs the clerk of court to serve the parties with notice of a judgment, within three days of its entry upon the journal, in a manner prescribed by Civ.R. 5(B)"); Civ.R. 5(B) ("Service upon the attorney or party shall be made by * * * mailing it to the last known address of the person to be served * * *. Service by mail is complete upon mailing"). Because the clerk properly served Halder with the judgment pursuant to Civ.R. 58(B) and 5(B), a writ of mandamus will not issue to compel service, since it already has been completed. See *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983.

{¶ 6} Second, a "party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed." *Robb v. Smallwood,*

165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, ¶ 11. This obligation applies equally to pro se litigants like Halder. Id.; see also *Marshall v. Staudt* (Feb. 1, 1999), Stark App. No. 1998CA00177, 1999 WL 100373, *3. "Given that informing the trial court of a new address is relatively simple, it follows that the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court." *Nalbach v. Cacioppo* (Jan. 11, 2002), Trumbull App. No. 2001-T-0062, 2002 WL 32704, *6. Halder failed to satisfy this burden here.

{¶ 7} Finally, even if the clerk had not properly served notice of the judgment on Halder, he is not entitled to the requested extraordinary relief in mandamus, because he has or had adequate remedies in the ordinary course of law by delayed appeal and motion for relief from judgment to raise such a claim. *State ex rel. Bortoli v. Dinkelacker,* 105 Ohio St.3d 133, 2005-Ohio-779, 823 N.E.2d 448, ¶ 3; *State ex rel. Ahmed v. Costine,* 103 Ohio St.3d 166, 2004-Ohio-4756, 814 N.E.2d 865, ¶ 5.

{¶ 8} Based on the foregoing, the court of appeals properly denied the writ. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Biswanath Halder, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Frederick W. Whatley, Assistant Prosecuting Attorney, for appellee.