OPINION *Page 2 
{¶ 1} Defendant-appellant Mercy Medical Center appeals the October 12, 2007 Judgment Entry, entered by the Stark County Court of Common Pleas, which awarded compensatory damages, pain and suffering damages, and post-judgment interest to plaintiffs-appellees Judith and James Umbaugh, after granting default judgment in favor of Appellees on the issue of liability.
 STATEMENT OF THE CASE {¶ 2} On May 25, 2007, Appellees filed a Complaint against Mercy, alleging the hospital had negligently and/or recklessly failed to maintain its business premises in a safe condition. Appellee James Umbaugh asserted a claim for loss of consortium. The Stark County Clerk of Courts sent a summons and copy of the Complaint to Mercy by certified mail. The address set forth thereon did not name a specific individual as addressee, and the initial summons and Complaint were returned to the Clerk with the notation, "Refused — More Specific Addressee." Appellees requested the Clerk send a second summons to Mercy. The Clerk mailed the second summons on June 8, 2007. Mercy did not file an answer or in any way respond to the Complaint.
 {¶ 3} On July 11, 2007, Appellees filed a motion for default judgment based upon Mercy's failure to answer. The trial court entered judgment in favor of Appellees via Judgment Entry filed August 31, 2007. The trial court scheduled a damages hearing for September 28, 2007. Appellee Judith Umbaugh was the only witness to testify regarding her damages. Appellee Judith Umbaugh identified her medical records, employment records, and a list of her medical expenses. Via Judgment Entry filed October 12, 2007, the trial court awarded damages to Appellees in the amount of *Page 3 
$32,539.61. The award included $4,554.81 for medical bills; $2,984.80 for lost wages; and $25,000 for pain and suffering.
 {¶ 4} The Clerk sent a copy of the judgment entry to the attention of Mercy's legal department. The legal department received the judgment entry on October 16, 2007. Mercy filed a Notice of Appeal from the October 12, 2007 Judgment Entry on November 15, 2007.
 {¶ 5} It is from the October 12, 2007 Judgment Entry, Mercy appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF COMPENSATORY DAMAGES FOR MEDICAL BILLS AND LOST WAGES AS THERE WAS NO EVIDENCE BEFORE THE TRIAL COURT REGARDING THE AMOUNT OF COMPENSATORY DAMAGES.
 {¶ 7} "II. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF DAMAGES FOR FUTURE PAIN AND SUFFERING AS PLAINTIFF FAILED TO ESTABLISH THOSE DAMAGES THROUGH THE INTRODUCTION OF EXPERT TESTIMONY.
 {¶ 8} "III. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF $25,000.00 FOR PAIN AND SUFFERING AS SUCH AN AWARD WAS EXCESSIVE BASED UPON THE EVIDENCE PRESENTED TO THE TRIAL COURT."
 {¶ 9} This Court is required to raise sua sponte issues regarding our jurisdiction. Whitaker-Merrell Co. v. Geupal Constr. Co. (1972),29 Ohio St.2d 184, 186. App. R. 4(A) provides that "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three *Page 4 
day period in Rule 58(B) of the Ohio Rules of Civil Procedure." The time limit contained in App. R. 4(A) is jurisdictional and cannot be waived.State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals forCuyahoga Cty. (1990), 56 Ohio St.3d 33, 36.
 {¶ 10} "In those cases in which both Civ. R. 58(B) and App. R. 4(A) are applicable, if service of the notice of judgment and its entry is made within the three-day period of Civ. R. 58(B), the appeal period begins on the date of judgment, but if the appellants are not served with timely notice, the appeal period is tolled until the appellants have been served. Consequently, App. R. 4(A) `tolls the time period for filing a notice of appeal * * * if service is not made within the three-day period of Civ. R. 58(B).' State ex rel Sautter v. Grey, Slip Opinion No. 2008-Ohio-1444, at ¶ 16, quoting State ex rel. Hughes v. Celeste
(1993), 67 Ohio St.3d 429, 431. In this respect, Civ. R. 58(B) provides:
 {¶ 11} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."
 {¶ 12} As noted in the statement of facts and case, supra, Mercy filed its Notice of Appeal from the trial court's October 12, 2007 Judgment Entry on November 15, 2007. *Page 5 
 {¶ 13} The October 12, 2007 Judgment Entry includes a Notice to Clerk, which reads:
 FINAL APPEALABLE ORDER {¶ 14} "IT IS HEREBY ORDERED that notice and a copy of the foregoing Judgment Entry shall be served on all parties of record within three (3) days after docketing of this Entry and the service shall be noted on the docket."
 {¶ 15} The docket indicates the Judgment Entry was filed with the Clerk on October 12, 2007. The docket further indicates a notice of a final appealable order was filed the same day and such notice was sent to Timothy B. Saylor and Mercy Medical Center on October 15, 2007.
 {¶ 16} In the case sub judice, the docket indicates service was made on Appellants within the three day period required in Rule 58(B); therefore, the thirty day time period began to run on date of entry of judgment, October 12, 2007. Accordingly, the deadline for Appellant to file the notice of appeal was November 11, 2007. Because November 11, 2007, was a Sunday, Mercy had until November 12, 2007, to file the Notice of Appeal. This Court is not empowered to extend the time deadline in civil *Page 6 
cases. Mercy untimely filed its Notice of Appeal on November 15, 2007. Accordingly, this appeal is dismissed for want of jurisdiction.
 Hoffman, P.J., Edwards, J., and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed for want of jurisdiction. *Page 1