[Cite as *Goins v. Coffelt*, 2024-Ohio-908.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DONALD GOINS

     Plaintiff-Appellant

-vs-

JAMES COFFELT, et al.

     Defendants-Appellees

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. CT2023-0074

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. CH 2020-0228 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | March 12, 2024 |


APPEARANCES:

For Plaintiff-Appellant

JOHN A. YAKLEVICH
MOORE & YAKLEVICH
33 South Grant Avenue
Columbus, Ohio 43215

CHARLES A. KOENIG
KOENIG & OWEN, LLC
5354 North High Street
Columbus, Ohio 43215

For Defendants-Appellees

ROBERT P. LYNCH, JR.
H. MICHAEL BRITT
GORDON REES SCULLY MANSUKHANI
41 South High Street
Suite 2495
Columbus, Ohio 43215

*Wise, J.*

{¶1}   Appellant Donald Goins appeals the September 29, 2023, decision by the Muskingum County Court of Common Pleas appointing arbitrators.

{¶2}   Appellees are Tri-State Environmental Solutions LLC, Sandy Marceaux, James Coffelt and JSC Management Enterprises, LLC.

{¶3}   This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

> "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusory form. The decision may be by judgment entry in which case it will not be published in any form."

{¶4}   One of the important purposes of accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 463 N.E.2d 655.

## STATEMENT OF THE FACTS AND CASE

{¶5}   The relevant facts and procedural history are as follows:

{¶6}   On June 3, 2019, Donald Goins, R. James Coffelt (as the managing member of JSC Management Enterprises LLC), and Sandy Marceaux formed Tri-State Environmental Trucking LLC, an Ohio Limited Liability Company.

{¶7}   Tri-State Environmental Trucking LLC's business involved "picking up and hauling oil and gas well brine water, processing and removing, as necessary, solid

materials from that brine water at an osmosis-based separating facility, and pumping its customers' processed brine into an injection well to be owned by Trucking."

{¶8} The LLC Members' rights and obligations to one another and the Company are defined in the Company's June 3, 2019, Operating Agreement. Section 6.8[1] of the Agreement, titled "Resolution of Disputes," recites that any dispute or claim concerning the Operating Agreement or its breach will be submitted first to mediation. If the parties cannot agree on a mediator, each side is to appoint a delegate and the two delegates must agree on an arbitrator within two weeks.

{¶9} Appellant Donald Goins alleges that Marceaux, Coffelt, and JSC Management diverted funds from Tri-State Environmental Trucking LLC to Tri-State Environmental Solutions, LLC.

{¶10} On August 18, 2020, pursuant to the First Operating Agreement, JSC Management Enterprises, LLC, and Sandy Marceaux (each own 33.33% membership interests in Tri-State Environmental Trucking LLC) voted to immediately suspend all operations of Tri-State Environmental Trucking LLC.

{¶11} On August 26, 2020, Appellant Goins filed a Complaint against Appellees Tri-State Environmental Solutions LLC, Sandy Marceaux, James Coffelt and JSC Management Enterprises, LLC. alleging breach of contract and tort claims. Goins claims that he is owed no less than $837,000.

{¶12} On October 21, 2021, Defendants-Appellees filed a Motion to Dismiss or Stay Pending Arbitration. The trial court never formally ruled on this motion.

---

[1] (Note: the Agreement contains two (2) consecutive Section 6.8s).

{¶13} On January 24, 2023, all of the parties filed a "Joint Motion To Stay Proceedings And Compel Arbitration."

{¶14} On February 14, 2023, the trial court granted the motion to stay proceedings pending arbitration.

{¶15} On May 9, 2023, Appellant Goins filed a Motion to Reactive Case to Appoint Mediator and Arbitrator, Frank Ray.

{¶16} On May 15, 2023, the trial court granted Goins' motion and appointed Frank Ray as the mediator/arbitrator.

{¶17} On May 17, 2023, Defendants-Appellees filed a Motion to Reconsider Goins' Motion, arguing that any response to the Motion was not due until May 19, 2023.

{¶18} On August 14, 2023, Goins filed another Motion to Reactivate Case for Limited Purpose of Appointing Arbitrator to appoint Tim Merkle as the parties' arbitrator.

{¶19} On August 16, 2023, the trial court granted Goins' motion and appointed Tim Merkel as the arbitrator.

{¶20} On August 24, 2023, Defendants-Appellees filed another Motion for Reconsideration, arguing that under Civ.R. 6, Defendants-Appellees had until August 24, 2023 to file a response.

{¶21} The trial court scheduled a status conference for September 25, 2023. During this status conference, the trial court instructed all parties to present their nomination for the arbitrator.

{¶22} On September 28, 2023, Defendants-Appellees filed their Notice of Filing Arbitrator Selection and selected Lisa Messner for their nomination for the arbitrator.

{¶23} On September 29, 2023, the trial court appointed Tim Merkel as Goins' selection for the arbitrator and Lisa Messner for Defendants-Appellees' selection. In the trial court's entry, it explained how pursuant to the Section 6.8 of Tri-State Trucking's Operating Agreement, each party will select an arbitrator, and then these two arbitrators will choose the arbitrator who will decide the matter.

{¶24} Appellant Goins now appeals from the trial court's September 29, 2023, entry, raising the following assignment of error for review:

### ASSIGNMENT OF ERROR

{¶25} "I. THE TRIAL COURT LACKED JURISDICTION TO RECONSIDER ITS ORDER APPOINTING THE CASE ARBITRATOR AND ITS SEPTEMBER 29, 2023 ORDER APPOINTING THREE (3) ARBITRATORS VIOLATED OHIO REV. CODE 2711.02(C), VIOLATED THE PARTIES' LIMITED LIABILITY COMPANY OPERATING AGREEMENT, VIOLATED OHIO REVISED CODE 2711.04, AND IS VOID AND ERRONEOUS."

{¶26} On February 16, 2024, Appellant filed a reply brief. Because this matter is set on the accelerated calendar, no reply briefs are permitted to be filed unless ordered by the Court pursuant to App.R.11.1(C). No such order has been issued in this case; therefore, we strike Appellant's reply brief.

### I.

{¶27} Appellant, in his sole assignment of error, challenges the trial court's decision appointing arbitrators.

*Final Appealable Order Analysis*

**{¶28}** As an initial matter, we first determine whether this is a final, appealable order capable of invoking this Court's jurisdiction. Appellees argue in their brief that the trial court's order appointing the arbitrators is not a final appealable order, and that therefore this Court lacks jurisdiction to proceed. Because the Ohio Constitution, Section 3(B)(2), Article IV, limits our jurisdiction to the review of final judgments of lower courts, we must first resolve this issue before addressing the merits of the appeal. *Germ v. Fuerst,* 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.

**{¶29}** We must determine if we have jurisdiction to review the merits of this case by deciding whether the requirements of R.C. §2505.02 and Civ.R. 54(B) have been satisfied. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

*R.C. §2505.02*

**{¶30}** When determining whether a judgment or order is final and appealable, an appellate court must first determine whether the order is final within the requirements of R.C. §2505.02. Then, if the order satisfies R.C. § 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989). " 'Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable.' " *Id.*, quoting *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 44 N.E.2d 1068 (9th Dist.1981).

**{¶31}** R.C. §2505.02(B) lists orders that are final and may be reviewed upon appeal:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

* * *

{¶32} A "substantial right" for purposes of R.C. §2505.02 is a legal right enforced and protected by law. *State ex rel. Hughes v. Celeste,* 67 Ohio St.3d 429, 430, 619 N.E.2d 412 (1993); *Noble v. Colwell*, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989). Alternatively, a "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. §2505.02(A)(1). An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶33} Relevant to the instant matter, R.C. §2505.02(B)(1) defines a final, appealable order as one "that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" In examining the "prevents a judgment" requirement of the statute, *id.,* we conclude that the trial court's appointment of the delegates/arbitrators in this matter is not a final, appealable order because it does not prevent a judgment; rather, it allows the matter to proceed to judgment. An order is deemed to prevent a judgment if the trial court's ruling disposes of the merits of the claim. *See Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153.

**{¶34}** Here, the trial court's ruling did not resolve the Appellant's underlying breach of contract and tort claims relating to funds Appellant claims are owed to him. These claims will proceed to a hearing before an arbitrator chosen by the two delegates/arbitrators selected by the parties, after which the arbitrator will make an award. After the award has been made, the Revised Code provides a mechanism by which Appellant may petition the common pleas court to vacate or modify the award. R.C. §2711.13. At that time, Appellant may raise arguments concerning the arbitrator, and other procedural or substantive issues. R.C. §2711.10 (stating that the common pleas court shall vacate an award if the petitioner can demonstrate impropriety on the part of the arbitrator, such as fraud, corruption, or partiality). Once the common pleas court has entered a judgment confirming, vacating, or modifying the arbitrator's award, R.C. §2711.12, Appellant may appeal that ruling. R.C. §2711.15.

*Civ.R. 54*

**{¶35}** Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim," or when the action involves multiple parties, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

**{¶36}** "Thus, in multiple-claim or multiple-party actions, if the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay." *In re Estate of L.P.B.*, 10th Dist. No. 11AP-81, 2011-Ohio-4656, ¶ 9. While inserting the language of "no just reason for delay" in an entry is not a "mystical incantation

which transforms a nonfinal order into a final appealable order," the language can "transform a final order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (1993), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

**{¶37}** In this case, the decision of the lower court appointing the delegates/arbitrators does not contain the Civ.R. 54 "no just reason for delay" language.

**{¶38}** Based on the facts presented in this appeal, we find that the trial court's ruling is not a final, appealable order because it does not operate to prevent a judgment and does not contain Civ.R. 54 "no just reason for delay" language.

**{¶39}** Based on the foregoing, we find Appellant's assignment of error not well-taken and hereby overrule same.

*Conclusion*

**{¶40}** The order from which Appellant has appealed is not a final, appealable order. Thus, we do not have jurisdiction to consider the assignment of error and must dismiss the appeal.

**{¶41}** Accordingly, this appeal from the judgment of the Court of Common Pleas, Muskingum County, is dismissed.

By: Wise, J.
Delaney, P. J., and
Baldwin, J., concur.

JWW/kw 0306